IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW MOMMSEN,
HUGH MOMMSEN and
KAREN MOMMSEN,

                                  ORDER

              Plaintiffs,

                                  07-C-455-C

     v.

TOYOTA MOTOR CORPORATION,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for monetary relief, plaintiff Andrew Mommsen alleges that he sustained serious injuries despite properly wearing his seat belt when his 1994 Toyota pickup hit an icy patch and rolled over. He contends that defendants' design of the restraint system in the vehicle was defective and unreasonably dangerous. Plaintiffs Hugh and Karen Mommsen, plaintiff Andrew Mommsen's parents, contend that as a result of their son's injuries, they have suffered extreme emotional distress, mental anguish, loss of consortium in the past and, in all likelihood, into the future. Plaintiffs allege that this court has jurisdiction to hear their claim under the diversity statute, 28 U.S.C. § 1332. However, plaintiffs' complaint does not allege facts sufficient to allow this court to draw the conclusion

1

that defendant's citizenship is diverse from plaintiffs'.

District courts have an independent obligation to insure that subject matter jurisdiction exists, <u>Arbaugh v. Y & H Corp.</u>, 126 S. Ct. 1235, 1237 (2006). Indeed, the Court of Appeals for the Seventh Circuit to review the limits of federal jurisdiction meticulously to prevent the waste of federal judicial resources. <u>Belleville Catering Co. v. Champaign Market Place, L.L.C.</u>, 350 F.3d 691, 693 (7th Cir. 2003). Federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." <u>Tylka v. Gerber Prods. Co.</u>, 211 F.3d 445, 447-48 (7th Cir. 2000).

Plaintiffs allege in their complaint that plaintiffs are citizens of Wisconsin and that the amount in controversy exceeds $75,000. So far so good. But, as to defendant Toyota Motor Corporation, plaintiffs allege only that it is "a foreign Corporation doing business in Wisconsin" and that they intend to serve the complaint on this defendant by serving its president in Japan. This information is wholly insufficient to reveal Toyota's citizenship.

A corporation has dual citizenship: it is a citizen of the state or country in which it is incorporated, and it is a citizen of the state or county where it has its principal place of business. 28 U.S.C. § 1332(c)(1). If Toyota was incorporated in or organized under the laws of Japan, plaintiffs must say that. Simply declaring it to be a "foreign corporation" is not enough. Moreover, plaintiffs must tell this court where Toyota Motor Corporation has its principal place of business. If its principal place of business is also Japan, or any state in

the United States other than Wisconsin, diversity jurisdiction will be established. Without this additional information, however, a doubt exists whether this court has the jurisdiction to resolve plaintiffs' claims.

## ORDER

IT IS ORDERED that plaintiffs may have until November 23, 2007, in which to serve and file a statement clarifying the citizenship of defendant Toyota Motor Corporation. If, by November 23, 2007, plaintiff fails to show that defendant's citizenship is diverse from plaintiffs', this action will be dismissed for lack of jurisdiction.

Entered this 13th day of November, 2007.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge