IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW MOMMSEN,
HUGH MOMMSEN and
KAREN MOMMSEN,

                                                                     OPINION AND ORDER
                                                                       07-cv-455-bbc

                     Plaintiffs,

      v.

TOYOTA MOTOR CORPORATION,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This lawsuit is brought under a "crashworthy" or "second collision" theory of products liability and it stems from a roll-over automobile accident in which plaintiff Andrew Mommsen suffered severe injuries. Plaintiffs Andrew Mommsen, Hugh Mommsen and Karen Mommsen allege that the 1994 Toyota pickup truck that Andrew was in when the accident occurred was unreasonably dangerous and defective, and although not the cause of the accident, defendant Toyota Motor Corporation's production of such a dangerous and defective vehicle proximately caused plaintiff Andrew Mommsen to suffer more severe injuries than if the vehicle had not been defective. Jurisdiction is present. 28 U.S.C. § 1332. Currently before the court is plaintiffs' motion for partial summary judgment on two of

1

defendant's affirmative defenses, those being:

> that plaintiffs' injuries were proximately caused by the superseding and/or intervening conduct, intentional acts or negligent acts of third persons over whom defendant had no control; and

> that negligent acts of Jon Nymo or other not named parties herein were a substantial factor in causing plaintiffs' injuries and damages.

Essentially plaintiffs request that defendant be barred from arguing that Jon Nymo was negligent in operating the pickup truck and that such negligence caused the accident because "there is no admissible evidence in the record that Jon Nymo did anything wrong to cause the accident, or that he was negligent in any way." I conclude that there are genuine issues of material fact that prevent a determination that Jon Nymo was not negligent as a matter of law. For this reason alone plaintiffs' motion will be denied. (Whether the issue of negligence with respect to the initial accident is a relevant issue in this case is a separate matter that plaintiffs' motion does not raise and therefore is not before the court.)

Before discussing the core of plaintiffs' motion, I must address plaintiffs' inadmissibility contentions regarding some of the evidence defendant submitted in response to plaintiffs' motion. First, in their reply brief, plaintiffs dispute the admissibility of two of defendant's exhibits that were submitted with defendant's proposed findings of fact. I conclude that whether those exhibits are admissible for purposes of summary judgment is

of no consequence to plaintiffs' pending motion because there are genuine issues of material fact without considering the facts supported by the disputed exhibits.

Second, plaintiffs contend that Douglas County Deputy Sheriff Steven Long's opinion that the accident occurred because Jon Nymo was driving too fast for road conditions is inadmissible because it is an expert opinion under Fed. R. Evid. 702, not lay opinion under Fed. R. Evid. 701, and Long has not been named as an expert. However, it is not necessary to determine whether Long's opinion on causality is admissible. Again, genuine issues of material fact remain whether or not the opinion is considered. Therefore, plaintiffs' motion for partial summary judgment will be denied.

The following facts are undisputed and drawn from both parties' proposed findings of fact.

## UNDISPUTED FACTS

On December 29, 2005, Jon Nymo, Leif Videen and plaintiff Andrew Mommsen left at 8:00 a.m. to go snowboarding at Spirit Mountain. The temperature was between 25 and 35 degrees Fahrenheit and the sky was cloudy. Nymo, Videen and Mommsen rode in a 1994 Toyota pickup truck, with Nymo driving, Videen in the center and plaintiff in the right-front seat. All three were wearing their seatbelts.

Nymo had some coffee to drink before leaving for the trip but he had not consumed

any alcoholic beverages that day or taken any prescription or nonprescription medications within the previous 24 hours. As they drove to Spirit Mountain, Nymo drove the pickup at speeds between 60 and 65 m.p.h., stayed in two-wheel drive and generally drove in the right-hand lane. Neither Nymo nor the other passengers made any cell phone calls as they drove.

At approximately 9:00 a.m., the pickup was traveling northbound on U.S. Highway 53 in Douglas County, Wisconsin, where the road takes a long, gradual turn, when the pickup hit an icy patch of road and the rear of the pickup began to fishtail. The pickup slid off the road, into the median and rolled several times before landing on its wheels between the northbound and southbound lanes on Highway 53. Nymo and Videen did not sustain any significant injuries in the accident. Plaintiff Andrew Mommsen suffered a neck injury that resulted in quadriplegia.

## OPINION

### A. Choice of Law

The parties assume that Wisconsin law governs their dispute. I will follow the parties' lead and make the same assumption. FutureSource LLC v. Reuters Ltd., 312 F.3d 281, 283 (7th Cir. 2002) (in absence of any discussion of choice of law issues by parties, court applies law of forum state).

4

B.  Crashworthiness Doctrine

Wisconsin courts have recognized a class of cases referred to as either "second collision" or "crashworthy" cases.  Sumnicht v. Toyota Motor Sales, U.S.A., Inc., 121 Wis. 2d 338, 360 N.W.2d 2, 6 (1984).  This class of cases is governed by the "crashworthiness doctrine" that "imposes liability upon a manufacturer in a vehicular collision case for design defects which do not cause the initial accident but which cause additional or more severe injuries when the driver or passenger subsequently impacts with the defective interior or exterior of the vehicle." Id.  Here, plaintiffs contend that a defective seatbelt caused Andrew to suffer more severe injuries than he would have suffered in the accident had there been no defect.  Defendant contends that the accident, and not any vehicle defect, caused Andrew's severe injuries and that Nymo's negligence in operating the pickup caused the accident. Plaintiffs' motion is a request that defendant be barred from contending that Nymo was negligent in his operation of the pickup because there is no evidence that Nymo was negligent.

C.  Nymo's Negligence

Under Wisconsin law, proving negligence requires proof of four elements: "'(1) A duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the

5

injury.'" Green v. Smith & Nephew AHP, Inc., 2001 WI 109, ¶ 55, 245 Wis. 2d 772, 810-11, 629 N.W.2d 727, 745 (quoting Morden v. Continental AG, 2000 WI 51, ¶ 45, 235 Wis. 2d 325, 611 N.W.2d 659). The general duty in a negligence action is "ordinary care," defined as "the care which a reasonable person would use in similar circumstances." WI JI-CIVIL 1005; Osborne v. Montgomery, 203 Wis. 223, 234 N.W. 372 (1931). Plaintiffs contend that there is no evidence from which it can be established that Nymo failed to exercise ordinary care. Defendant disagrees. Therefore, the issue before the court is whether defendant has adduced sufficient evidence for a reasonable jury to decide that Nymo failed to exercise ordinary care.

Plaintiffs contend that the evidence proves that the accident was "unavoidable and inevitable." They cite statements by Nymo, Videen and plaintiff Andrew Mommsen in which they all express their opinion that there was nothing Nymo could have done to avoid the accident. Such opinions are entirely predictable under the circumstances and provide very little evidentiary value. A reasonable jury could discount or disregard them as self-serving or unfounded.

The first genuine issue of material fact is the road condition at the time of the accident. Plaintiffs provide deposition testimony from Nymo, Videen and plaintiff Andrew Mommsen that the roads were clear, clean, bare and dry. (Plaintiffs' Proposed Finding of Fact ¶¶ 8, 29 & 56.) However, defendant provides deposition testimony from several police

6

officers and rescue workers, who drove to the scene of the accident and noted that the roads were slippery and icy and that there was snow on the road.  (Dft.'s PFOF ¶¶ 12, 13, 20 & 21.)

Plaintiffs contend that the testimony offered by defendant does not put the road conditions into dispute because the witnesses do not refer to the road conditions on the specific northbound lane in which the pickup truck was traveling when the accident occurred.  This contention is simply untrue.  Defendant provides the deposition testimony of volunteer Fire Chief Tom Michalek in which he stated that he had to travel five miles to the scene of the accident using the northbound lanes of Highway 53 and that there were "scattered slippery spots" on the road.  (DPFOF ¶ 12.)  Also, in his deposition testimony, volunteer firefighter George Booth stated that he traveled on the northbound lanes of Highway 53 to reach the accident scene and that the roads were slippery because of ice on the ground.  (DPFOF ¶ 13.)  Moreover, further deposition testimony establishes that road conditions were slippery and icy surrounding the accident scene.  Assuming, as I must on summary judgment, that the testimony provided by defendant is accepted as true by the jury, there is ample evidence that road conditions were noticeably dangerous.  What the actual road conditions were is a disputed issue for a jury to decide.  A district judge's function in a summary judgment motion "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

If road conditions were icy and slippery, then it is possible that a reasonable jury could determine that traveling at a speed of 60 to 65 m.p.h., which is the speed Nymo said he was driving (Nymo Dep. at 99, lns. 13-14 (dkt. #21)), would be faster than reasonable for those conditions. Plaintiffs contend that even if the road conditions were icy and slippery, Nymo was not aware of such conditions because he testified that he had not encountered any slippery spots in the road before the accident. (Id. at 99, lns. 15-18 (dkt. #21).) However, passenger Videen's testimony in his deposition puts into dispute the contention that the pickup truck did not encounter any other slippery or slick spots. According to Videen, less than a half hour but more than several minutes before the accident, the pickup truck hit a separate slick spot that made the pickup "fishtail ever so slightly and then [they] reduced speed." (Videen Dep. at 35-37(dkt. #30).) Given the conflicting testimony of Videen and others driving the same stretch of road, a jury might disbelieve Nymo's testimony or conclude that Nymo was less observant than one exercising ordinary care.

Furthermore, even assuming that a jury believed Nymo, just because he had not encountered other slippery spots does not mean that a reasonable person driving in cold, possibly freezing, weather with snow on the ground would not have driven less than 60 m.p.h. to exercise ordinary care. Therefore, a factual dispute remains regarding whether the

8

pickup hit any other slick or slippery spots before the accident.

The disputed facts regarding road conditions and whether the pickup encountered other slippery spots in the road raise genuine issues of material fact that a jury should decide. If a jury were to believe defendant's witnesses about road conditions as well as Videen's testimony about encountering an earlier slick spot and combine that with Nymo's testimony that he was driving between 60 and 65 m.p.h., the jury would have sufficient evidence to decide that Nymo failed to exercise ordinary care. I cannot conclude as a matter of law that Nymo was not negligent in operating the pickup truck when the accident occurred. Plaintiffs' motion will be dismissed.

ORDER

IT IS ORDERED that the motion for partial summary judgment on certain of defendant Toyota Motor Corporation's affirmative defenses (dkt. #42) filed by plaintiffs Andrew Mommsen, Hugh Mommsen and Karen Mommsen is DENIED.

Entered this 25th day of August, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

9